Dear Ms. Pierrotti:
You have requested the opinion of this office regarding an election held in the City of Lake Charles concerning an additional one-half (1/2%) percent sales and use tax. The election was held on July 18, 1992.
According to your correspondence, the City Council passed and adopted Ordinance No. 9573 on April 15, 1992. Ordinance No. 9573 called for an election to authorize the levy and collection of the additional 1/2% sales and use tax, but excluded food and drugs from the levy.
On May 20, 1992, the City Council passed and adopted Ordinance No. 9616 whereby the proposition contained in Ordinance No. 9573 was amended to delete the exemption for food and drugs. According to your correspondence, the proposition, as contained in Ordinance No. 9616, was submitted to the State Bond Commission, and the Bond Commission's approval of the election was obtained on June 18, 1992. We have consulted the election staff of the Secretary of State's office and determined that Ordinance No. 9616 was delivered to that office, and the proposition contained within Ordinance No. 9616 is the one which appeared on the ballot at the July 18, 1992 election. That proposition states as follows:
 Shall the City of Lake Charles, Louisiana (the "City"), through its Mayor and City Council, under the authority of Sub-part D, Part 1, Chapter 6 of Title 33 of the Louisiana Revised Statutes of 1950 (R.S. 33:2711, et seq) be authorized to levy and collect within the City of Lake Charles, Louisiana, a tax of one-half percent (1/2%) upon the sale, at retail, the use, the lease or rental, the consumption of tangible personal property, and upon the sale of services as defined in La. R.S. 47:301-47:317, inclusive, for a period of nine (9) months from date said taxes are first due and collectible, or until $1,850,000.00 of the net avails of the Tax is officially reported as collected by the City of Lake Charles, whichever date occurs first, inclusive, with the proceeds of such tax to be dedicated and used for the purpose of . . . the Central School Arts and Humanities District?"
Prior to the election, on July 1, 1992, the City Council passed and adopted Ordinance No. 9643, which states, in Section 2 thereof:
 "The City Council of Lake Charles, Louisiana, does hereby amend Ordinance No. 9616 to add the enabling legislation of Senate Bill No. 1314 in order to exempt food and drugs from the levy of the Sales and Use Tax provided for in said election call."
We defer to your office in regard to the legality of the ordinances under the local laws and the Home Rule Charter of the City of Lake Charles, and assume that all local requirements have been met. We are happy to assist you by providing you with our opinion regarding the issues of state law presented in your letter.
Your first question is whether or not the election was legal and valid, as Ordinance No. 9616 was amended by Ordinance No. 9643 after the State Bond Commission approved the election and the proposition. Secondly, assuming the election was legal and valid, you ask whether the City can exclude drugs and food from the levy of the sales and use tax, when it levies the tax.
The tax levy in question is authorized under the authority of R.S. 33:2711, et seq, which requires such elections "to be conducted in accordance with the general election laws of the State of Louisiana" (R.S. 33:2712).
The provisions of the Election Code which pertain to tax elections are contained in R.S. 18:1281-18:1295. You have advised us that all advertising requirements were met, and we assume that all other state law requirements regarding tax elections were met. Our review of R.S. 18:1281-18:1295 did not reveal any impediment to the levy of the sales tax, as set forth in the proposition put before the voters, merely because the City Council attempted to amend Ordinance No. 9616 after it was approved by the Bond Commission.
In response to your first question, it is the opinion of this office that the election authorizing the tax was legal and valid and that the City of Lake Charles is authorized to levy and collect a 1/2% sales and use tax as set forth in the proposition (from Ordinance No. 9616) approved by the voters.
Your second question raises a number of issues. The first issue raised is in connection with Senate Bill No. 1341, which was enacted into law as Act No. 668 of 1992.
Prior to the enactment of Act 688, R.S. 33:2711(B) provided that municipalities with populations of between 55,000 and 60,000 according to the 1970 Federal Census:
 ". . . shall have the authority to exempt drugs prescribed by physicians for personal consumption and use, and wheelchairs and prosthetic devices, and food purchased for personal consumption off the premises where purchased, from the sales and use tax so levied".
We have been advised by the Louisiana State Library, Louisiana Section, that the population of Lake Charles, according to the 1970 Census, was 77,998. As such, Lake Charles could not have exempted food and drugs from its sales tax under prior R.S.33:2711(B).
Act 668 (formerly Senate Bill No. 1341) provides for the same exemption as contained in former R.S. 33:2711(B), but refers to the 1990 Federal Census and changes the population requirement. The exemption can now be taken advantage of by municipalities "having a population of between fifty-four thousand and seventy-one thousand, according to the 1990 Federal Census."
Since Lake Charles is listed in the 1990 Federal Census as having a population of 70,580, it appears to fit the exception contained in newly amended R.S. 33:2711(B). However, that amendment did not take effect until August 21, 1992, the date Act 668 became effective. As such, it is our opinion that the City of Lake Charles was not authorized, to exempt drugs and food from the tax placed before the voters at the July 18, 1992 election.
The next issue we must examine is in connection with Ordinance No. 9643. The issue presented by Ordinance No. 9643 is whether or not the City Council can authorize an exemption from taxation by ordinance or resolution, without the approval of the electorate.
As previously noted, the imposition of the sales and use tax in question is governed by the statutory authority contained in R.S. 33:2711. According to R.S. 33:2711, an ordinance imposing a sales and use tax can only be adopted by the governing authority if the "question of the imposition of the tax" has been submitted to the voters and a majority of those voting have voted for the proposition imposing the tax.
The proposition refers to "a tax . . .as defined in La. R.S.47:301-47:317" (emphasis added). Not only did the proposition placed before the voters fail to include an exemption of drugs and food, it also specifically defines the tax in accordance with R.S. 47:301-47:317, which clearly includes drugs and food within the levy of the tax described therein.
We note that Section A of R.S. 33:2711, does not specifically define the sales and use tax authorized as being limited to the items and exemptions described in R.S. 47:301-47:317. However, the reference to R.S. 47:305-47:305.15 contained in R.S.33:2711(B), signifies legislative intent that municipalities must adhere to the state's definitions of the property to be taxed or exempted, as contained in R.S. 47:301, et seq. Furthermore, R.S. 33:2713 states that the sales and use taxes authorized by R.S. 33:2711 "shall be collected . . . pursuant to the definitions, practices and procedures set forth in R.S.47:301 through 47:317" (Emphasis added). This interpretation of R.S. 33:2711, et seq. is also consistent with the authority given local and parochial governmental subdivisions under other statutes providing for local sales and use taxes.
In addition, La. Const. (1974) Art. VI, Sec. 29, which authorizes the imposition of sales and use taxes by local governmental subdivisions, provides that the property and services taxable shall be "defined by law". As such, municipalities must adhere to the legislative sales tax scheme set forth in 47:301, et seq, unless specifically authorized to do otherwise.
In accordance with the Constitution, and R.S. 33:2711, et seq. it is our opinion that the City of Lake Charles can only exempt items from a sales and use tax if it has both legislative authority and the authority of the electorate to do so. We also note certain prior opinions of this office, specifically Opinion No. 89-651, which states that a sales tax cannot be rededicated by ordinance of a Board of Aldermen, and Opinion No. 92-217, which states that each sales and use tax ordinance must be scrutinized carefully to determine the will of the electorate, and that a proposition should be subscribed a meaning that will effectuate what appears to have been the meaning of the electorate.
It is the opinion of this office that the legislation in force when the proposition was placed before the voters did not give the City of Lake Charles the ability to exempt food and drugs from the levy of a sales and use tax. Furthermore, the proposition approved by the voters of the City of Lake Charles at the July 18, 1992 election requires that food and drugs be included within the levy of the sales and use tax.
As such, it is our opinion that the sales and use tax approved by the voters at the July 18, 1992 election must be levied and collected on all items taxable under R.S. 47:301-47:317, including drugs and food.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/0150n